ORIGINAL

EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

CHRIS A. THOMAS     #3514
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Chris.Thomas@usdoj.gov

Attorney for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JUL 24 2006
at ___ o'clock ___ min ___ M
SUE ___ CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 05-00190-02 JMS |
| ) | CR. NO. 06-00372 JMS |
| Plaintiff, ) | |
| ) | MEMORANDUM OF PLEA AGREEMENT |
| vs. ) | |
| ) | |
| ALFRED NOBRIGA, JR.,  (02) ) | DATE: July 24, 2006 |
| ) | TIME: 1:00 p.m. |
| Defendant. ) | JUDGE: Honorable Leslie E. |
| ) | Kobayashi |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the defendant, ALFRED NOBRIGA, JR. (hereinafter "Defendant"), and his attorney, Reginald P. Minn, Esq., have agreed upon the following:

1.   Defendant acknowledges that he is charged in a Superseding Indictment in Cr. No. 05-00190 JMS, with one (1) count of a violation of Title 21, United States Code, Section 846 (Count 1 - Conspiracy to possess with intent to distribute in excess of fifty (50) grams of methamphetamine); one count of a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A) (Count 2 - Possession with intent to distribute in excess of fifty (50) grams of methamphetamine), and one count of a violation of Title 18, United States Code, Sections 924(c)(1) (Count 3 - Possession of a firearm during and in relation to a drug trafficking offense).

   A.   Defendant also acknowledges that he is charged in an Information with one count of a violation of Title 18, United States Code, Section 922(g)(3) and 924(a)(2)(Count 1 - Unlawful user of a controlled substance in possession of a firearm).

   B.   Defendant is aware that he has a right to have the felony charge contained in the Information asserted against him by way of Grand Jury Indictment.  Defendant hereby waives (gives up) this right and consents that this charge may be asserted against him by way of Information rather than Indictment.

2.   Defendant has read the charges against him as contained in the Superseding Indictment, and the charges have been fully explained to him by his attorney.  In making his decision to plead guilty to Count 1 of the Superseding Indictment and to

Count 1 of the Information, Defendant has had ample opportunity to consult with his undersigned defense attorney, and Defendant is satisfied with the legal advice and representation of his defense attorney.

3. Defendant fully understands the nature and elements of the crimes with which he has been charged.

4. Defendant will enter a voluntary plea of guilty to Count 1 of the Superseding Indictment and Count 1 of the Information in this case. In return, the government will move to dismiss Counts 2 and 3 of the Superseding Indictment against Defendant after sentencing in this case.

5. Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. Defendant enters these guilty pleas because he is in fact guilty of conspiracy to possess with intent to distribute in excess of fifty (50) grams of methamphetamine, and of being an unlawful user of a controlled substance while in possession of firearm. Defendant further agrees that his guilty pleas to the charges are voluntary and not the result of force or threats.

7. Defendant understands that the penalties for the offenses to which he is pleading guilty are as follows:

    A. **As to Count 1 of the Indictment**:

        (1) A mandatory minimum term of imprisonment of ten years and up to life;

        (2)   A fine of up to $4,000,000; and

        (3)   A term of supervised release of not less than five years and up to life;

    B.   **As to Count 1 of the Information**:

        (1)   A term of imprisonment of not more than ten years;

        (2)   A fine of up to $250,000.00;

        (3)   A term of supervised release of not less than two years nor more than three years;

Defendant must also pay a $100 special assessment as to each count to which he is pleading guilty.[1] Defendant agrees to pay the $100 for the count to which he is pleading guilty to the United States District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

At the discretion of the court, defendant may also be denied any or all federal benefits, as that term is defined in 21 USC §862, (a) for up to five years if this is defendant's first conviction of a federal or state offense consisting of the

---

[1] The $100 special assessment is mandatory pursuant to Title 18 U.S.C. § 3013(a)(2)(A).

distribution of controlled substances, or (b) for up to ten years if this is defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances. If this is defendant's third or more conviction of a federal or state offense consisting of the distribution of controlled substances, the defendant is permanently ineligible for all federal benefits, as that term is defined in 21 USC §862(d).

8.  Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charges to which defendant is pleading guilty:

### As to Count 1 of the Indictment

a.  In mid-April of 2005, co-defendant Chandra POUNDS was recruited by co-defendant Elias JAUREGUI to transport methamphetamine from California to Hilo. Co-defendant JAUREGUI made all of the arrangements for co-defendant POUNDS to take a trip to Hawaii. The day prior to her trip co-defendant POUNDS stayed at a hotel in Oakdale, California. The following day, co-defendant JAUREGUI picked her up at the hotel and gave her approximately one pound of methamphetamine to transport to Hawaii. Co-defendant POUNDS transported the methamphetamine on her body.

b.  On May 5, 2005, co-defendant POUNDS flew to Hawaii from California with one pound of methamphetamine given to her by

co-defendant JAUREGUI. Upon her arrival in Hilo, Hawaii, co-defendant POUNDS followed the instructions of co-defendant JAUREGUI and proceeded to the Uncle Billy's Hilo Bay Hotel in Hilo, Hawaii and went to room number "G-31". Co-defendant POUNDS met Defendant NOBRIGA in room number G-31 and delivered the pound of methamphetamine to Defendant NOBRIGA.

      c.    Co-defendant POUNDS and Defendant NOBRIGA left the Uncle Billy's Hilo Bay hotel and Defendant NOBRIGA dropped co-Defendant POUNDS off at a local shopping mall.

      d.    Defendant NOBRIGA later picked up co-defendant POUNDS from the shopping mall and drove into a gas station located across the street from the shopping mall. Law Enforcement Officers approached Defendant NOBRIGA and defendant POUNDS at the gas station.

      e.    Shortly thereafter, a canine screen on Defendant NOBRIGA's vehicle resulted in an alert for the presence of a controlled substance on the open passenger-side door. Officers later recovered, among other things, approximately 466 grams of methamphetamine in Defendant NOBRIGA's vehicle.

      f.    The above described methamphetamine that was possessed by Defendant NOBRIGA, and others, on May 5, 2005, was analyzed by the Drug Enforcement Administration Southwest Laboratory which resulted in a positive finding for

methamphetamine in the amount of 448.1 grams with a purity of 67%.

### As to Count 1 of the Information

g.   On May 5, 2005, a canine screen on Defendant NOBRIGA's vehicle resulted in an alert for the presence of a controlled substance on the open passenger-side door.  Officers recovered from Defendant NOBRIGA's vehicle, a loaded "Winchester" brand, model 61 .22 caliber pump action rifle, serial number 327654 and a "Romarm CAI" brand, model SAR-1 .762 caliber rifle, serial number S1-315 29-2 000, and ammunition, to wit: three (3) "Winchester" brand .22 caliber rounds, and six (6) "Federal" brand, and twenty-four (24) 7.62 x 39 caliber rounds.

h.   At the time that the above-described firearms were in the possession of Defendant NOBRIGA, he was a user of methamphetamine, a controlled substance.

9.   Pursuant to CrimLR32.1 of the Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

In addition, pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the

parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

      a.   Factual stipulations:

      (1) Identification and Quantity of methamphetamine:

      (A)  The above described methamphetamine that was possessed by Defendant NOBRIGA, and others, on May 5, 2005, was analyzed by the Drug Enforcement Administration Southwest Laboratory which resulted in a positive finding for methamphetamine in the amount of 448.1 grams with a purity of 67%.

10.  The defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this Plea Agreement.

      a.  The defendant also waives, except as indicated in subparagraph "b" below, his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or

(2) based on a claim of ineffective assistance of counsel.

    b. If the Court in imposing sentence departs (as that term is used in Part K of the Sentencing Guidelines) upward from the guideline range determined by the Court to be applicable to the defendant, the defendant retains the right to appeal the upward departure portion of his sentence and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack; and

    c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

11. The defendant understands that the District Court in imposing sentence will consult the provisions of the Sentencing Guidelines which are advisory. Subject to the exceptions noted in the previous paragraph, the defendant is surrendering his right to challenge any sentence within the statutory maximum, or the manner in which it was determined, including, but not limited to, a sentence that the defendant perceives to be an incorrect application of the Guidelines. The defendant further agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

12. The defendant understands that pursuant to Guideline

6B1.1(c), this Agreement cannot be accepted or rejected by the Court until there has been an opportunity by the Court to consider a Presentence Report, unless the Court decides that a Presentence Report is unnecessary pursuant to Guideline 6A1.1. The defendant understands that the Court will not accept an agreement unless the Court determines that the charges contained in the Indictment adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

13. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a. If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury;

    b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising

peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt;

    c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt;

    d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant. Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court; and

    e. At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

    f. The Defendant understands that he has a right to a jury determination, beyond a reasonable doubt, of the drug type

and quantity as alleged in the indictment and that by pleading guilty he is giving up that right.

14. Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to him and the consequences of the waiver of those rights.

15. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

16. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

17. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of defendant's conduct regarding the charge against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

18. The defendant agrees that he will fully cooperate with the United States.

    a. He agrees to testify truthfully at any and all

trials, hearings, or any other proceedings at which the prosecution requests him to testify, including, but not limited to, any grand jury proceedings, trial proceedings involving co-defendants and others indicted later in the investigation, and related civil proceedings;

  b. Defendant agrees to be available to speak with law enforcement officials and to representatives of the United States Attorney's Office at any time and to give truthful and complete answers at such meetings, but he understands he may have his counsel present at those conversations, if he so desires;

  c. Defendant agrees he will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the crime in the Indictment or any subsequent charges related to this investigation at which the prosecution requests him to testify;

  d. Should any criminal prosecution be brought against Defendant by the U.S. Attorney's Office, the prosecution will not offer in evidence in its case-in-chief, or in connection with any sentencing proceeding for the purpose of determining an appropriate sentence, any statements made by Defendant at any and all debriefing meetings related to this case, except in a prosecution for false statements, obstruction of justice, or perjury. Notwithstanding the foregoing, Defendant understands that any information or testimony provided by Defendant may be used in furtherance of any civil forfeiture proceeding brought by

the United States Attorney to obtain property which was proceeds of, or facilitated, Defendant's drug trafficking activity;

  e. Notwithstanding paragraph 18(d) above, the prosecution may use (i) information derived directly or indirectly from any and all debriefing meetings for the purpose of obtaining and pursuing leads to other evidence, which evidence may be used in any prosecution of Defendant by the prosecution, and (ii) statements made by Defendant at any and all debriefing meetings and all evidence obtained directly or indirectly from those statements for the purpose of cross-examination should Defendant testify, or to rebut any evidence offered by or on behalf of Defendant in connection with the trial and/or at sentencing, should any prosecution of Defendant be undertaken;

  f. Pursuant to Section 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under Section 1B1.8(b) of the Sentencing Guidelines.

  g. If, after entering this plea agreement, however, the Defendant makes a motion before the Court to withdraw from the plea agreement and the Court grants that motion, the Defendant agrees that any statement he makes to law enforcement agents or to the United States Attorney's Office may be used against him in a subsequent trial. Defendant waives any

protection afforded by Rule 11(e)(6) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made during the course of pleading guilty when the guilty plea is later withdrawn.

19.  In the event that the defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not to use said statements in its case-in-chief in the trial of the defendant in this matter.  Defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

20.  Pursuant to Guideline Section 5K1.1 and Rule 35(b), Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that the defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense.  Defendant understands that:

    a.  The decision as to whether to make such a request or motion is entirely up to the prosecution.

    b.  This Agreement does not require the prosecution to make such a request or motion.

    c.  This Agreement confers neither any right upon the

Defendant to have the prosecution make such a request or motion, nor any remedy to Defendant in the event the prosecution fails to make such a request or motion.

     d.  Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the Guidelines.

     DATED:  Honolulu, Hawaii, __7/24/06_____.

AGREED:

_____  
EDWARD H. KUBO, JR.  
United States Attorney  
District of Hawaii

_____  
ALFRED NOBRIGA, JR.  
Defendant

_____  
FLORENCE T. NAKAKUNI  
Chief, Narcotics Section

_____  
REGINALD P. MINN  
Attorney for Defendant

_____  
CHRIS A. THOMAS  
Assistant U.S. Attorney

USA v. Alfred Nobriga, Jr., et al.  
Memo of Plea Agreement  
Cr. No. 05-00190 JMS