IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ALFRED NOBRIGA, JR.,<br><br>    Defendant. | ) CR. NO. 05-00190-02 JMS<br>) CR. NO. 06-00372-01 JMS<br>)<br>) DECLARATION OF COUNSEL<br>)<br>)<br>)<br>)<br>) |

DECLARATION OF COUNSEL

I, Reginald P. Minn, declare as follows:

1. I am the attorney for Defendant ALFRED NOBRIGA, JR. in the above-captioned case.

2. I have reviewed the discovery made available by the government in this case and I have discussed the facts relating to Defendant's arrest with the Defendant and with Todd Eddins, the attorney for co-defendant Chandra Pounds, and I state on information and belief that:

    a. Defendant Nobriga was arrested on or about May 5, 2005, after he was stopped by Hilo police officers while he was operating a pickup truck with co-defendant Chandra Pounds riding in the front passenger seat of the vehicle;

    b. Defendant Nobriga's truck was searched by the police officers and they recovered approximately one-half pound of crystal methamphetamine from under the driver's seat;

    c. The police also reported that a loaded AK47

3

rifle was recovered from "under the front seat", and a .22 Winchester rifle was found under the rear seat of the truck.

3. The proposed presentence report prepared for Defendant Nobriga reflects the police officers' claim that a loaded AK47 rifle was found "under the front seat" of Defendant's vehicle with the drugs, and that the Winchester was found under the rear seat.

4. Defendant Nobriga passed polygraph examinations relating to his possession of the AK47 rifle, wherein he indicated that the magazine had been removed from the rifle, placed within the armrest console, and that the firearm was under the rear seat with the Winchester;

5. Defendant was also found "truthful" after a polygraph examination regarding his claim that the firearms were not possessed to assist him in his drug trafficking.

6. On or about October 20, 2006, I caused private investigators to attempt to place an AK47 rifle "under the front seat" of Defendant's truck, and they were unable to obtain such a placement because of the size of the weapon.

7. Based on my discussions with Todd Eddins, the attorney for co-defendant Chandra Pounds, I believe co-defendant Pounds would testify that she was riding in the front passenger seat with Defendant Nobriga and she did not observe any firearms within the vehicle until after the arrest and the search of the vehicle.

8. I have filed objections to the proposed presentence report relating to Defendant's possession of the

4

AK47 rifle in connection with his drug trafficking and requested an evidentiary hearing regarding this issue.

9. Based on the foregoing, I believe co-defendant Pounds is a material witness and Defendant Nobriga seeks her attendance at his sentencing hearing which is scheduled for December 4, 2006, at 1:30 p.m., before the Honorable J. Michael Seabright.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

DATED: Honolulu, Hawaii, October 27, 2006.

_____
REGINALD P. MINN
Attorney for Defendant
ALFRED NOBRIGA, JR.